IN THE UNITED STATES DISTRICT RECEIVED AND FILED
FOR THE DISTRICT OF PUERTO RICO
2009 NOV 17 AM 11: 24

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN. P.R

| | | |
|---|---|---|
| **JOSE A. ORTIZ-LEBRON,** | * | |
| Petitioner, | * | |
| | * | |
| | * | |
| v. | * | |
| | * | **CIVIL NO. 06-1804** |
| | * | Related to Cr. No. 02-393 (PG) |
| **UNITED STATES OF AMERICA** | * | |
| Respondent. | * | |

## OPINION & ORDER

Jose A. Ortiz-Lebron (hereinafter, "Petitioner" or "Petitioner Ortiz-Lebron") proceeding pro se has moved to vacate, set aside, or correct his sentence pursuant to section 2255 of Title 28 of the United States Code (D.E.# 1 and D.E. #2).[1] The Government has filed its reply to Petitioner's request for relief (D.E.#5). Petitioner filed a reply to the Government's response (D.E.#6). For the reasons stated below, Petitioner Ortiz-Lebron request for relief pursuant to Title 28, United States Code, Section 2255 is hereby DENIED.

## I. BACKGROUND

On September 26, 2002, Petitioner Jose A. Ortiz-Lebron was charged, along with forty three (43) other co-defendants, in a two count Indictment returned by a Federal Grand Jury. Petitioner was charged in connection with Count One. Specifically Count One charged that from on or about April 28, 1993 and continuing up to September

---

[1] D.E. is an abbreviation of docket entry number.

of 2002, petitioner together with others conspired to possess with intent to distribute, and distribute, narcotic controlled substances, to wit: five (5) kilograms or more of cocaine base ("crack"), both Schedule II Narcotic Drug Controlled Substances; and/or one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(A).
 On July 21, 2003 petitioner plead guilty to Count One pursuant to a plea agreement (Crim.D.E.#553).[2] The terms of the agreement called for holding petitioner accountable to a base offense level of thirty (30) pursuant to the provisions of U.S.S.G. Section 2D1.1(c) as the offense of conviction involved at least three point five (3.5), but less than five (5) kilograms of cocaine. Petitioner also agreed to a two (2) level reduction of sentence for acceptance of responsibility, pursuant to U.S.S.G. Section 3E1.1(b). In addition, since the specific offense characteristic includes the possession of a firearm it was also stipulated a two (2) level enhancement pursuant to U.S.S.G. Section 2K2.1(b(1)(A). The government agreed with petitioner to recommend a term of imprisonment of one hundred eight (108) months. It was also stipulated that the prior state convictions were related cases for the purposes of criminal history category determination pursuant to U.S.S.G. Section 4A1.2(a). Petitioner Ortiz-Lebron was sentenced to a term of imprisonment of one hundred eight (108) months as to Count One. A supervised release term of four years (4) years, and a special monetary assessment of

---

[2]Crim.D.E. is an abbreviation for criminal docket entry.

one hundred ($100.00) dollars were also imposed. (Crim.D.E.# 840). Petitioner appealed claiming that there were no firearms involved in the offense and that the indictment only charged him with possessing with intent to distribute ten (10) decks of heroin (containing 0.53 grams) and therefore he should not be held accountable for a higher amount.    On December 29, 2006 judgment was entered affirming conviction.    No certiorari was filed from judgment.    Petitioner Ortiz-Lebron petition for relief pursuant to section 2255 was entered on August 18, 2009 and was timely filed (Crim.D.E.#1512).

## II.  DISCUSSION

In his petition under 28 U.S.C. Section 2255, petitioner Ortiz-Lebron claims that counsel was ineffective for the following reasons: (1) failing to raise a challenge to the possession of a firearm as a jurisdictional issue; (2) failing to raise a challenge to the drug quantity as a jurisdictional issue; (3) advising that he signed the negotiated plea agreement.

### A. 28 U.S.C. Section 2255 standard

Section 2255 permits a court to afford relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. Section 2255;  Hill v. United States, 368 U.S. 424, 428,82 S. Ct. 468, 7 L. Ed2d 417 (1962). A habeas review is an extraordinary remedy, and a section 2255 motion is not a substitute for a direct appeal.  Bousley v. United States, 523 U.S. 614, 621, 118 S. Ct. 1604, 140 L.Ed. 2d 828 (1998).  Similarly, a federal

prisoner may not use section 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. United States v. Frady, 456 U.S. 152,165 (1982); Doe v. United States, 51 F.3d 693, 698 (7th Cir. 1995). Accordingly, in a section 2255 motion, a defendant cannot raise: "(1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) non constitutional issues that could have been but were not raised on direct appeal; ... and (3) constitutional issues that were not raised on direct appeal, *unless* the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from failure to appeal." Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992) (emphasis in original).

In the present case, petitioner Ortiz- Lebron appealed claiming that there were no firearms involved in the offense and the indictment only charged him with possessing with the intent to distribute ten (10) decks of heroin (containing 0.53 grams) and therefore he should not be held accountable for a higher amount. Conviction was affirmed on appeal. There, the Court stated:

> After a thorough review of the record and of the parties' submissions, we affirm the judgments in these cases.
>
> In 03-2701[3], appellant **Jose A. Ortiz-Lebron ("Ortiz") has waived any challenge to the guideline calculations by agreeing explicitly to those calculations as part of his plea agreement.** See United States v. Serrano Beauvix, 400 F.3d 50, 54 (1st Cir.) (Defendant who stipulated to guideline calculations waived any

---

[3] United States v. Jose A. Ortiz-Lebron, Appeal No. 03-2701 (1st Cir. December 29, 2006) (unpublished).

challenge to those calculations), cert. Denied, 126 S.Ct. 106

(2005). **Even if his admissions do not constitute waiver, Ortiz certainly forfeited his argument by failing to advance it below, and he cannot show plain error. Ortiz admitted that he was a seller at one of the drug points, and he admitted that he should be held responsible for 3.5 to five kilograms of cocaine for possession of a weapon.** See United States v. Riggs, 347 F.3d 17, 20 (1st Cir.2003)(defendant who stipulated to drug quantity could not show that court's drug quantity finding amounted to plain error). **Given this, it was not plain error for the court to sentence him in accordance with these admissions...**

Affirmed. See 1st Cir. Loc. R. 27(c).

United States v. Jose A. Ortiz-Lebron, Appeal No. 03-2701 (1st Cir. December 29, 2006) (unpublished) (emphasis added).

Petitioner's allegations as to the drug quantity and possession of a firearm were issues settled on direct appeal. These same claims are now renewed under an alleged ineffective assistance of counsel claim. Since these issues were settled on direct

appeal, petitioner may not revisit his previous allegations through a collateral proceeding. Section 2255 motions may not be used as vehicles to re-litigate issues that were raised on appeal absent extraordinary circumstances, such as an intervening change of law or newly discovered evidence. Davis v. United States, 417 U.S. 333, 342 (1974); Singleton v. United States, 26 F.3d 233, 240. (1st Cir. 1993). Since petitioner adds nothing new to his previously resolved claims, his claims alleging that counsel was ineffective for failing to raise

challenges to the drug quantity and possession of a firearm as jurisdictional issues fail on their merits.

## B. Claim of ineffective Assistance of Counsel

Petitioner Ortiz-Lebron argues ineffective assistance of counsel due to Counsel's advise to plead guilty.

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668,687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984). But "[t]he Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of reasonably effective assistance under the circumstances then obtaining." United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir.1991) (citation omitted), cert. denied, 502 U.S. 1079, 112 S.Ct. 986, 117 L.Ed. 2d 148 (1992).

To establish ineffective assistance of counsel, a petitioner must show that the attorney's performance was  deficient, and that the deficiency prejudiced the defense. Strickland, 466 U.S. 668, 687 (1984). In order to establish deficiency, a petitioner must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland 466 U.S. at 688.  Counsel is presumed to have acted within the range of "reasonable professional assistance," and  it is petitioner who bears the  burden  of  "overcoming  the  presumption  that,  under  the circumstances, that challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689.  In order to show prejudice, a petitioner must establish that "there is a reasonable probability that , but for counsel's unprofessional errors, the results of the

proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694.

The Strickland test applies to guilty plea challenges based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52 (1985). To meet the first part of the Strickland test a counseled guilty plea must be based on advise which is within the range of competence demanded of attorney's in criminal cases. Hill, 474 U.S. at 56. A guilty plea is valid only if it is based on a voluntary and intelligent choice among the alternative courses of action open to the defendant. North Carolina v. Alford, 400 U.S. 25 (1970). In the scenario of a plea agreement the Strickland requirement of prejudice is met if there is a reasonable probability that, but for counsel's errors, the defendant would not have plead guilty and would have proceeded to trial. Hill, 474 U.S. at 59. A defendant who pleads guilty upon advise of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advise he received from counsel was not within the range of competence demanded of attorneys in criminal cases." Lockhart at 56.

In the present case, petitioner's allegation that the indictment charged possession of only point fifty three (.53) grams of heroin and that he did not possess a weapon are contrary to the record. The indictment in Count One charged petitioner with conspiracy to possess with intent to distribute, and distribute five (5) kilograms or more of cocaine; fifty (50) grams or more of cocaine base; and/or one kilogram or more of a mixture or substance containing a detectable amount of heroin. It also charged that as part of the conspiracy

defendants and co-conspirators would possess firearms in order to protect themselves and/or the drug  proceeds from other competing drug organizations.

Petitioner plead guilty to Count One pursuant to a plea agreement. At the change of plea hearing the district court discussed the weapon enhancement and the drug quantity stipulation.

THE COURT: Now, according to this plea agreement, you will plead guilty to count one.  We've already discussed the minimum and maximum possible penalties.  Page three, paragraph seven, for purposes of the sentencing guideline calculations, you and the government agree that you are to be held accountable for at least

3.5 but less than 5 kilograms of cocaine which provides a base offense level of thirty.  Since you are accepting responsibility for the offense conduct, a two level decrease would be warranted, that puts us at twenty-eight.  And at page four, specific offense characteristics, includes that you possessed a firearm at some time during the commission of the offense of the conspiracy, so a two level increase would be granted for a total offense level of thirty.  Assuming a criminal history category of one, the guideline range would be ninety-seven to one hundred and twenty-one months and the government agrees with you to recommend to the court that you be sentenced to one hundred and eight months.  Do you understand that?

THE DEFENDANT: Yes.

(C.O.P. Tr. 12/21/2003, pages 9-10).

The court also discussed wether petitioner was pleading freely and voluntarily.

> THE COURT: Now, by pleading guilty, you are representing to the court that no threats have been made to you to induce you to plead guilty and that you are pleading guilty freely and voluntarily because, in fact, you are guilty.  Is that correct?
>
> THE DEFENDANT: Yes

(C.O.P. Tr. 12/21/2003, pages 11-12).

The court accepted his guilty plea, finding that it was made freely, voluntarily, and with full knowledge of the consequences.

> THE COURT: Having advised defendant of his rights, the fact that he is waiving them by pleading guilty, I find that he is acting voluntarily with full knowledge of the consequences.  There is a basis, in fact, for the plea.  A judgment of guilty shall be entered as to this defendant.  I will request a pre-sentence report.  Sentence is set for October 30th, 9:15 a.m.

(C.O.P.Tr. 12/21/2003, page 16).

At sentencing petitioner counsel expressed that there were no objections to the pre-sentence report and petitioner Ortiz-Lebron confirmed that he had no objections.

(S.H.Tr., 09/17/2004 pages 3-4.)

In the present case, Counsel was able to negotiate a plea agreement with a lesser amount of narcotics that reduced petitioner's

exposure to a greater sentence. If petitioner had been convicted for an amount of cocaine exceeding five (5) kilograms, he would have been exposed to a minimum statutory imprisonment term of ten (10) years, maximum fine of four million dollars ($4,000,000.00), and a supervised release term of five years. The agreement was accepted by petitioner knowingly and voluntarily. Petitioner has not shown that counsel's performance was deficient nor prejudiced. Therefore, since petitioner has not met the requirements as established by Strickland his claim of ineffective assistance of counsel fails.

**III. CONCLUSION**

For the reasons stated, the Court concludes that Petitioner **JOSE ORTIZ-LEBRON** is not entitled to federal habeas relief on the claims presented. Accordingly, it is ordered that Petitioner **JOSE ORTIZ-LEBRON's** request for habeas relief under 28 U.S.C.Section 2255 (D.E.#1) is **DENIED,** and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Section 2255 is **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of November, 2009.

JUAN M. PEREZ-GIMENEZ
Senior United States District Judge